FILED
APR 20 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Dawn Jackson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-0757 |
| ) | |
| Selective Group of Computer Hackers *et al.*,) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

The plaintiff is a resident of Yonkers, New York, suing individuals who reside in New York and Virginia. *See* Complaint ("Compl.") Caption. She seeks "3 zillion" dollars in damages. Compl. at 2. The hand-written complaint is not very legible but the plaintiff accuses the defendants of assault and battery, fraud, kidnapping, and a host of other misdeeds. *Id.* The



3

complaint neither presents a federal question nor provides a basis for diversity jurisdiction because the plaintiff and some of the defendants reside in the same state. It therefore will be dismissed.[1]

*[signature]*
United States District Judge

DATE: April __, 2011

---

[1] A separate Order accompanies this Memorandum Opinion.